**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LORI MASTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-2202-DDC-ADM |
| | ) |
| THREE LAKES | ) |
| APARTMENTS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**NOTICE AND ORDER TO SHOW CAUSE**

To counsel representing plaintiff Lori Masters:

Plaintiff's complaint purports to invoke this court's diversity jurisdiction over this action. (ECF No. 1 ¶ 4, at 2.) Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332(a); s*ee also Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant."). The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). If the court determines that it lacks subject matter jurisdiction, it "must dismiss the cause at any stage of the proceedings." *Penteco Corp., Ltd. P'ship v. Union Gas Sys.*, 929 F.2d 1519, 1512 (10th Cir. 1991); *see also* FED. R. CIV. P. 12(h)(3) (same).

Plaintiff's complaint does not allege facts sufficient to invoke the court's diversity jurisdiction because it does not sufficiently allege complete diversity between plaintiff and defendants. Plaintiff alleges she is a Missouri citizen. (ECF No. 1 ¶ 1, at 1.) She alleges that defendant Peterson Properties, Inc. ("Peterson") is a Kansas corporation. But "a corporation is a citizen of its state of incorporation *and the state where its principal place of business is located*."

*Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (emphasis added).  Here, Plaintiff does not allege where Peterson's principal place of business is located.

As to defendant Three Lakes Apartments, LLC ("Three Lakes"), Plaintiff alleges that Three Lakes "was a Kansas limited liability company, licensed and registered to do business in the State of Kansas."  (ECF No. 1 ¶¶ 2-3, at 1-2.)  However, an LLC's citizenship is determined by that of its members.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).  And, where an LLC has another LLC as one of its members, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC."  *CU Capital Mkt. Sols., LLC v. Olden Lane Sec., LLC*, No. 18-2597-DDC-KGG, 2019 WL 2612940, at *6 (D. Kan. June 26, 2019) (internal quotations omitted).  Here, Plaintiff's allegations about Three Lakes does not sufficiently allege the citizenship of Three Lakes' members and, to the extent that any of its members is also a limited liability company, the citizenship of that limited liability company's members, and so on as to any additional layers of limited liability companies.

Accordingly, the court orders plaintiff to show cause in writing on or before **April 30, 2020**, why the undersigned should not recommend that the district judge dismiss this case without prejudice for lack of subject matter jurisdiction.  Plaintiff's response to the order to show cause must point to factual allegations that, if true, would establish complete diversity.

**IT IS SO ORDERED.**

Dated April 20, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
